UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GRAY,<br><br>                            Plaintiff,<br><br>      v.<br><br>JEANNE WOODFORD, et al.,<br><br>                          Defendants. | Civil No.   05-CV-1475 J (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. # 108]** |

      Plaintiff Ricky Gray ("Plaintiff" or "Gray"), a state prisoner proceeding *pro se*, brought this action for violations of his civil rights under 42 U.S.C. § 1983. On July 16, 2007, Plaintiff filed a motion for appointment of counsel. [Doc. # 108]. For the reasons that follow, Plaintiff's motion is **DENIED.**

      Plaintiff has not made the showing required for appointment of counsel in civil cases. "[A]n indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). Appointment of counsel in proceedings *in forma pauperis* is governed by 28 U.S.C. § 1915(d), which "confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation omitted). "The court may appoint counsel under section 1915(d) only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal

citation omitted). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

Plaintiff has shown no lack of ability to articulate his claims *pro se*. Gray has filed several amended pleadings. The current operative pleading is the Fourth Amended Complaint. Plaintiff has also filed numerous motions. His filings are fairly organized and present the issues and arguments with adequate clarity and efficiency.

Plaintiff argues that he does not have the opportunity to interview witnesses due to his placement in the Special Housing Unit ("SHU"). Plaintiff's housing in the SHU in and of itself is not an extraordinary circumstance. The Court notes that because of the numerous amended pleadings, there has been no Answer and no scheduling order issued in this case, and discovery has not officially started. In the future, however, if Plaintiff needs more time to conduct the necessary discovery, he may file an appropriate request for an extension.

In addition, the likelihood of Plaintiff's success on the merits is not clear at this time. Defendants have a pending motion to dismiss the Fourth Amended Complaint. Therefore the nature or number of at least some of the claims may change.

Gray also asserts that the issues in the case are complex and involve confidential documents. Plaintiff has not shown, however, that he cannot obtain confidential documents from Defendants, when appropriate. Plaintiff has previously filed discovery motions related to confidential documents. He sought and obtained an order sealing certain confidential documents. [Doc. # 67]. Plaintiff later requested that the documents be unsealed. [Doc. # 73]. Gray's discovery motions demonstrate his awareness of the legal procedures applicable to this type of evidence. Further, the factual and legal issues in the case, although numerous, do not appear to be complex. Plaintiff alleges violations of the First and Fourteenth Amendments as to different Defendants.

///
///
///

Accordingly, this Court finds no extraordinary circumstances and denies Plaintiff's motion without prejudice.

**IT SO ORDERED.**

DATED: August 7, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge