1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GRAY,<br><br>                              Plaintiff,<br><br>     v.<br><br>JEANNE WOODFORD, et al.,<br><br>                              Defendants. | Civil No.          05CV1475 J (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF JUDGE** |

Before the Court is Plaintiff Ricky Gray's ("Plaintiff") Motion for Disqualification of Judge pursuant to 28 U.S.C. § 455.  [Doc. No. 110.]  For the reasons stated below, the Court **DENIES** the Motion.

### *Background*

Plaintiff is a state prisoner proceeding *pro se* and has brought this action for violations of his civil rights under 42 U.S.C. § 1983.  Plaintiff alleges numerous violations of his First and Fourteenth Amendment rights, including improper handling of his appeals; seizure of his personal property; lack of impartiality in the gang validation process; and improper placement in administrative segregation and the Security Housing Unit.  (*See generally* Fourth Am. Compl.) Plaintiff has filed several motions throughout the course of this litigation, including motions for

temporary restraining orders, motions for reconsideration, motions for appointment of counsel, motions for discovery, motions to unseal documents, and motions for various court orders.  [*See* Doc. Nos. 5, 35, 51, 58, 73, 105.]  Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint is currently pending before the Court and will be addressed in a separate order.

### *Discussion*

Plaintiff seeks to disqualify "the judge" as a result of "several rulings by the court which exhibit bias and prejudice towards Plaintiff, to which Plaintiff now feels he will not receive fair and impartial treatment from this court."  (Mot. at 1.)  In support of his Motion, Plaintiff has attached an affidavit stating that he has filed several motions for a court order allowing him to correspond with other inmates.  (Pl.'s Aff. ¶ 3.)  Plaintiff states that the Court has denied all of these motions with no real justification or supporting case law.  (*Id.*)  Plaintiff also states that the Court wrongly denied his motion for return of legal documents that were confiscated by prison officials.  (*Id.* ¶ 4.)  In addition, Plaintiff states that the Court "totally ignored all of the evidence Plaintiff presented" when it denied his motion for a temporary restraining order.  (*Id.* ¶ 5.)  Further, Plaintiff states that the Court has permitted Defendants to file late motions without considering the prejudice to Plaintiff.  (*Id.* ¶ 6.)  Finally, Plaintiff alleges that the Court "has a problem" with his claims alleging discrimination against black inmates.  (*Id.* ¶ 9.)

As a preliminary matter, the Court notes that it is unclear whether Petitioner seeks to disqualify the undersigned, Magistrate Judge Cathy Ann Bencivengo, or both judges.  Petitioner does not name the judge he seeks to disqualify.  In support of his Motion for Disqualification, Petitioner argues that rulings made by both the undersigned and Magistrate Judge Bencivengo are biased and incorrect.  Because the case is assigned to the undersigned and is ultimately this

Court's responsibility, and because the request is without merit, the Court here states the reasons for its denial.

Under 28 U.S.C. § 455, recusal is appropriate only if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (quotation omitted). Because a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased. *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021-22 (N.D. Cal. 2001).

"Bias or prejudice" connotes "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." *Liteky v. United States*, 510 U.S. 540, 550 (1994).  Adverse rulings usually do not provide a basis for disqualifying a judge under § 455.  *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("alleged bias and prejudice to be disqualifying must stem from extrajudicial source"); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not adequate basis for recusal); *Toth v. TWA, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (same). In fact, judicial rulings "almost never" provide a basis for a recusal motion.  *Liteky*, 510 U.S. at 555.  Such a motion will be proper only if the rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.*

Plaintiff provides no evidence of any deep-seated favoritism or antagonism that stems from an extrajudicial source, nor has he established that there is a reasonable question that the undersigned or Magistrate Judge Bencivengo has a wrongful or inappropriate predisposition

toward him.  The Court's denials of Plaintiff's motions do not demonstrate bias.  The facts set forth in Plaintiff's motion and affidavit essentially revisit several of the legal issues in Plaintiff's case.  Such facts would not convince a reasonable person that the undersigned or Magistrate Judge Bencivengo has a bias against Plaintiff.  The Court's rulings do not reflect animosity, partiality, or inability to render a fair judgment in the instant action.  They do not indicate prejudice, personal or otherwise.  Accordingly, the Court **DENIES** Plaintiff's Motion for Disqualification of Judge.

      **IT IS SO ORDERED.**

DATED:  September 6, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

CC:  All Parties and Counsel of Record
      Magistrate Judge Cathy Ann Bencivengo

05cv1475-J (CAB)