UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GRAY,<br><br>                      Plaintiff,<br><br>     v.<br><br>JEANNE WOODFORD, et al.,<br><br>                      Defendants. | Civil No.   05cv1475 J (CAB)<br><br>**ORDER REGARDING PLAINTIFF'S:**<br>**(1) MOTION FOR THE COURT TO**<br>**PROVIDE PLAINTIFF AND**<br>**DEFENDANTS WITH COPIES OF**<br>**PLAINTIFF'S FILINGS, AND**<br>**(2) MOTION FOR APPOINTMENT OF**<br>**COUNSEL [Doc. # 130]** |

      Plaintiff, a state prisoner proceeding *pro se*, brought this action for violations of his civil rights under 42 U.S.C. § 1983. On November 21, 2007, Plaintiff filed a "Motion Requesting that the Court Provide Copies of Plaintiff's Motions to Defendants as [sic] Plaintiff, and Asign [sic] Counsel." In the motion, Plaintiff requested the Court provide himself and Defendants with copies of any motions he files. Plaintiff also sought appointment of counsel. For the reasons set forth below, Plaintiff's motion is **DENIED**.

**A.    Copies of Court Filings**

      Plaintiff alleges he is having difficulty making copies due to problems with the prison law library and paging system. As a result, he requests the Court provide copies of his court filings to himself and Defendants. With respect to copies, the Court cannot provide free photocopy service, even to litigants proceeding *pro se*. Plaintiff may obtain copies of his court filings from the Clerk's Office at a cost of fifty cents per page. Accordingly, Plaintiff's request that the Court provide himself and Defendants with

copies of any motions he files in the future is **DENIED**.

Additionally, Plaintiff indicates in his papers that he seeks to put the Court "on notice" that Defendants may not receive copies of his future motions due to his alleged difficulties in making copies. [Doc. # 130 at 4.] Plaintiff is reminded that Federal Rule of Civil Procedure 5(a) requires a party to serve "every pleading subsequent to the original complaint, ... [and] every written motion ... upon each of the parties," and that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Thus, although Plaintiff's alleged difficulties may make it more difficult for him to produce copies of his motions, they nevertheless do not excuse him from the requirements of the Federal Rules of Civil Procedure.[1]

**B.   Appointment of Counsel**

Plaintiff requests the Court appoint him counsel. However, Plaintiff has not made the showing required for appointment of counsel in civil cases. An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). Appointment of counsel in proceedings *in forma pauperis* is governed by 28 U.S.C. § 1915(d), which "confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation omitted).

"The court may appoint counsel under section 1915(d) only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citation omitted). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

In this case, Plaintiff fails to put forth any specific arguments as to why counsel should be appointed other than his allegations concerning lack of access to the law library and inability to make

---

[1] This Court notes that while there are numerous defendants in the action, all of the defendants are represented by the Office of the Attorney General. Thus, Plaintiff would only be required to serve the Attorney General, as counsel for Defendants, and not all of the individual parties. *See* Fed. R. Civ. P. 5(b)(1).

copies.  Furthermore, the likelihood of Plaintiff's success on the merits is not clear at this time.  Defendants have a pending motion to dismiss the Fifth Amended Complaint.  Therefore the nature or number of at least some of the claims may change.

Plaintiff has also shown no lack of ability to articulate his claims *pro se*.  Plaintiff has filed several amended pleadings, with the current operative pleading being his Fifth Amended Complaint.  Additionally, Plaintiff has filed numerous motions.  Finally, as this Court noted in denying Plaintiff's earlier request for counsel, his filings are fairly organized and present the issues and arguments with adequate clarity and efficiency.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED:  November 28, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge